Case 4:19-cv-03219   Document 3   Filed on 07/17/20 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
July 17, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § § | CRIMINAL ACTION NO. H-16-219-2 CIVIL ACTION NO. H-19-3219 |
| BRONKEISE SAMPLE | § | |

**MEMORANDUM AND ORDER**

Bronkeise Sample pleaded guilty to one count of aiding and abetting robbery of mail from a postal employee with the use of a firearm, in violation of 18 U.S.C. §§ 2114(a) and 2, and one count of aiding and abetting possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(I) and 2. In August 2018, this court sentenced Sample to a 30-month prison term on the robbery count and a consecutive 60-month prison term on the firearm charge. (Docket Entry No. 152).

As part of his plea agreement, Sample waived his right to appeal or collaterally attack his conviction and sentence, except for claims of ineffective assistance of counsel. (Docket Entry No. 116 at 3-4). Sample has now moved to vacate, set aside, or correct his sentence, contending that his conviction is based on a predicate offense that is unconstitutional or lacked a necessary element.

**I.     Section 2255**

Title 28 U.S.C. § 2255 provides for relief "for errors that occurred at trial or sentencing." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). To prevail, Sample must show that: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the lawful maximum; or (4)

the sentence is otherwise subject to collateral attack. *See United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

## II.     Analysis

### A.     Waiver

A guilty plea waives nonjurisdictional defects occurring before entry of the plea. *Tollett v. Henderson*, 411 U.S. 258, 266–67 (1973). Challenges to a conviction resulting from a guilty plea are limited to the voluntariness of the plea and the defendant's understanding of the charges against him and of the consequences of the plea. *Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985)*; Grabowski v. Hargett*, 47 F.3d 1386, 1389 (5th Cir. 1995). Sample does not contend that his plea was involuntary, that he did not understand the charges against him, or that he did not understand the consequences of pleading guilty. Sample waived his right to attack his conviction or sentence on nonjurisdictional grounds other than ineffective assistance of counsel.

### B.     Change In Law

Waiver notwithstanding, Sample's claims are without merit. Sample's argument that his sentence is unlawful is based on *United States v. Davis*, 139 S.Ct. 2319 (2019). *Davis* expanded on *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), which held that a statutory residual clause defining a "crime of violence" as "a felony . . . that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" was unconstitutionally vague. Sample argues that *Davis* invalidates his sentence on the firearm charge under 18 U.S.C. § 924(c)(1)(A).

Section 924 creates enhanced penalties for "any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . ." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) contains two clauses defining "crime of violence": an elements clause, and a residual clause. The elements clause defines a "crime of violence" as a crime that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another . . . ." 18 U.S.C.A. § 924(c)(3)(A). The residual clause further defines a "crime of violence" as a crime "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C.A. § 924(c)(3)(B). *Davis* holds that the "substantial risk" language is unconstitutionally vague. The elements clause has not been held unconstitutional.

Sample pleaded guilty to aiding and abetting robbery of mail from a postal employee with the use of a firearm in violation of 18 U.S.C. §§ 2114(a) and 2. This is the predicate offense for the firearm charge.

Section 2114(a) provides that:

> A person who assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or robs or attempts to rob any such person of mail matter, or of any money, or other property of the United States, shall, for the first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery he wounds the person having custody of such mail, money, or other property of the United States, or puts his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned not more than twenty-five years.

3

The Sixth Circuit, in reviewing this statute, noted that the element of putting the victim's "life in jeopardy by the use of a dangerous weapon" is an aggravated offense that requires the use, attempted use, or threatened use of physical force, falls within the scope of the elements clause, and is subject to an enhanced sentence. *Knight v. United States*, 936 F.3d 495, 498–99 (6th Cir. 2019). Because the firearm charge in this case was based on Sample's use of a firearm during the robbery, he, too, put the victim's "life in jeopardy by the use of a dangerous weapon." The firearm count and sentence fall under the elements clause of § 924, not the residual clause that was held invalid. The charge and sentence are valid.

Sample also relies on *Rosemond v. United States*, 575 U.S. 65 (2014), which the Supreme Court held that, to be convicted for aiding and abetting the offense of using a firearm during the commission of another offense, the defendant must know beforehand that a firearm would be used. In his plea agreement, Sample acknowledged that he carried a gun. (Docket Entry No. 116) at 8. He cannot claim that he was unaware that a gun would be used in the commission of the robbery.

**III.    Conclusion and Denial of Certificate Of Appealability**

Sample has not requested a certificate of appealability, but the court may determine whether he is entitled to this relief. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district courts to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued."). A petitioner may obtain a certificate either from the district court or an appellate court, but an appellate court will not consider a request until the district court has denied it. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*,

114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A certificate of appealability may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).

This court has carefully reviewed the record and found that Sample's claims are barred by clear, binding precedent. Jurists of reason would not find this conclusion debatable. Sample has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Sample is not entitled to a certificate of appealability. Final judgment in the civil case, 4:19-cv-3219, is entered by separate order.

The government's motion to dismiss, (Docket Entry No. 168), is **granted**, and Bronkeise Sample's motion to vacate, set aside, or correct sentence, (Docket Entry No. 157), is **denied**. No certificate of appealability is issued.

SIGNED on July 17, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge